UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALCAS CORPORATION and
VECTOR MARKETING CORPORATION,
                                        Plaintiffs,

                   -vs-                                               08-CV-379-JTC

JOSEPH E. GILER,

                                        Defendant.

---

Plaintiffs have filed a motion for default judgment, entry of permanent injunction, statutory damages, attorneys' fees and leave to conduct discovery as to actual damages (Item 10). The Clerk of the Court previously entered default against the defendant on June 27, 2008 (Item 6). Having reviewed the papers filed in support of the motion, the court finds as follows:

(1) The marks at issue in this litigation, as pled in the complaint, are entitled to protection under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); New York General Business Law §§ 360-k and 360-l; and common law;

(2) The CUTCO mark is world-renowned and inherently distinctive;

(3) Defendant has infringed and improperly used the CUTCO mark, which improper use and infringement includes the use of exact copies of the CUTCO mark and marks that are substantially and confusingly similar to the CUTCO mark;

(4) Defendant's unauthorized use of the CUTCO mark is likely to cause confusion among an appreciable number of consumers as to the source, origin, sponsorship,

affiliation, or identification of defendant's goods or services;

(5) Defendant has made commercial use of the CUTCO mark and substantially and confusingly similar marks in commerce;

(6) Defendant's conduct began after the CUTCO mark became famous;

(7) The CUTCO mark is distinctive and capable of being diluted;

(8) Defendant's conduct dilutes the quality of the CUTCO mark by diminishing the capacity of the CUTCO mark to identify and distinguish goods and services;

(9) Defendant's conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cyberpiracy under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); injury to business reputation and dilution under N.Y. Gen. Bus Law § 360-l; and common law trademark infringement and unfair competition;

(10) Defendant's conduct caused harm to plaintiffs;

(11) Plaintiffs lack an adequate remedy at law;

(12) Plaintiffs have been irreparably harmed by defendant's conduct and will be irreparably harmed by any future use of the CUTCO mark or any substantially similar marks by defendant;

(13) Good cause exists to allow plaintiffs to conduct discovery on the issue of actual damages;

Accordingly, it is hereby ordered:

Default judgment as to liability is entered against defendant on Counts I through VII as pled in the complaint; and

Plaintiffs shall have the right to seek discovery with respect to actual damages. Such discovery shall commence immediately and conclude no later than February 1, 2011.

The court declines to award statutory damages and attorneys' fees at this time. However, on Wednesday, February 9, 2011 at 2:00 p.m., counsel shall participate in a conference with the court and will provide, in affidavit form, proof of actual damages and a verified fee petition documenting the fees and expenses incurred prosecuting this matter. Additionally, counsel may then renew his request for statutory damages under 15 U.S.C. § 1117(d).

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 10/28/2010
p:\pending\2008\08-379.oct 282010